UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEE ROBERT SCOTT,

    Plaintiff,

v.                                                                    Case No. 5:25-cv-277-AW-MJF

MICHAEL SATZ, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this civil action be dismissed because: (1) the Northern District of Florida is not the proper venue for this action; and (2) Defendants are immune from suit.

### SCOTT'S COMPLAINT

Plaintiff Lee Robert Scott (DC #187971) is an inmate of the Florida Department of Corrections housed at the Apalachee Correctional Institution in Sneads, Florida. Scott has filed a complaint under 42 U.S.C. § 1983 against several state prosecutors, state-court judges and state agencies located in Broward County, Florida. *Id*. at 2–4. Scott claims that his conviction and sentence in Broward County Circuit Court

Case No. 1991-CF-07545, is illegal. *Id*. at 6–11. Scott is seeking compensatory and punitive damages. *Id*. at 11.

## SCREENING UNDER 28 U.S.C. § 1915A

Because Scott is a prisoner, the District Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars

recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

## DISCUSSION

**A.   The Northern District of Florida Is Not the Proper Venue**

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> (b) **Venue in general**.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a civil action is brought in the wrong forum, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to the proper forum. 28 U.S.C. § 1406(a). The Northern District of Florida is not the proper venue for this action:

- The events giving rise to Scott's claims occurred in the Southern District of Florida, not in the Northern District of Florida.

- The Defendants are employed and presumably reside in the Southern District of Florida, not the Northern District of Florida.

- Any evidence relevant to this case is located in the Southern District of Florida and not the Northern District of Florida.

- Any witnesses are located in the Southern District of Florida and not the Northern District of Florida.

The undersigned recommends that the District Court dismiss this case—as opposed to transferring it to the Southern District of Florida—because Scott's claims against the Defendants clearly are barred as a matter of law.

B. **Plaintiff's Claims Are Barred by Judicial, Prosecutorial and Sovereign Immunity**

    1. *Judicial Immunity*

Scott is suing two state-court judges for their judicial actions in Scott's underlying criminal case. Judges are entitled to absolute judicial immunity from damages suits brought under 42 U.S.C. § 1983 for acts taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9 (1991). A judge does not act

in the "clear absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction. *Dykes v. Hosemann*, 776 F.2d 942, 947–48 (11th Cir. 1985).

The actions of which Scott complains relate directly to the state-court judges' adjudications as the presiding judges in Scott's underlying criminal and postconviction proceedings. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Even if (as Scott alleges) the judges acted erroneously, the fact remains that their actions were undertaken in their judicial capacity in matters over which they had subject-matter jurisdiction. *See Dykes*, 776 F.2d at 946.

Because the state-court judges are immune from Scott's claims for monetary relief, Scott's claims against them must be dismissed under 28 U.S.C. § 1915A(b)(2).

### 2. *Prosecutorial Immunity*

Scott also is suing two state prosecutors for their roles in prosecuting the criminal charges against Scott and opposing Scott's applications for postconviction relief. The actions of which Scott complains were performed within the scope of the state prosecutors' roles

as advocates for the State. *See Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). Thus, the state prosecutors enjoy absolute immunity for those acts, regardless of their motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Because the state prosecutors are immune from Scott's claims for monetary relief, Scott's claims against them must be dismissed under 28 U.S.C. § 1915A(b)(2).

3. *Sovereign Immunity*

In addition to Scott's individual-capacity claims, Scott asserts official-capacity claims against the state-court judges, prosecutors, and state agencies. These claims, however, are barred as a matter of law by Eleventh-Amendment sovereign immunity.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *Christman v. Saint Lucie County, Florida*, 509 F. App'x 878, 879 (11th Cir. 2013) (in a section 1983 action, "a claim against a defendant in his official capacity

is the same as a claim against his employer." (citing *McMillian v. Monroe County, Alabama*, 520 U.S. 781, 785 n.2 (1997))). Eleventh-Amendment sovereign immunity bars suits by an individual against a State, its agencies, and its employees in their official capacities, unless Congress has abrogated the State's sovereign immunity or the State has consented to the lawsuit. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890).

Congress has not abrogated the States' sovereign immunity in actions for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–68 (1989). Furthermore, Florida has not waived its sovereign immunity in § 1983 actions. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages." (internal citation and quotations omitted)).

Because Scott's official-capacity claims are barred as a matter of law, they must be dismissed. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984) (state official cannot be sued in his official capacity for damages); *Zatler*, 802 F.2d at 400 (FDC official was immune from suit in his official capacity); *Gamble v. Fla. Dep't of Health & Rehab. Serv.*, 779 F.2d 1509, 1512 (11th Cir. 1986) (Eleventh

Amendment bars "damages awards against state officers sued in their official capacities in suits brought in federal court pursuant to 42 U.S.C. § 1983.").

### 4. *Amendment Would Be Futile*

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

The discussion set forth above demonstrates that Scott's § 1983 claims against the Defendants are barred by immunity. Any amendment still would be subject to dismissal as a matter of law.[1]

### CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

---

[1] The undersigned has not overlooked the fact that Scott's claims also are barred by the four-year statute of limitations and *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). To prevent a needless expenditure of court resources, the undersigned has omitted a discussion of multiple alternative bases for dismissal.

1. **DISMISS** this civil action under 28 U.S.C. § 1406(a), or alternatively, 28 U.S.C. § 1915A(b).

2. **DIRECT** the clerk of court to enter judgment accordingly and close this case.

At Panama City, Florida, this 24th day of October, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**